# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 20, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CHARLES DECHENE, | * | No. 19-968V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>John R. Howie, Jr.</u>, Howie Law, PC, Dallas, TX, for Petitioner;
<u>Claudia B. Gangi</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 3, 2019, Charles DeChene ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the tetanus-diphtheria vaccination he received on July 6, 2016, caused him to develop Guillain-Barré syndrome. On May 25, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on May 26, 2021. (ECF No. 28).

On May 27, 2021, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 32) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $34,176.48,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing $33,311.60 in attorneys' fees and $864.88 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not incurred any out of pocket costs. *Id.* Respondent responded to the motion on June 10, 2021, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2 (ECF No. 33). Petitioner filed a reply on June 10, 2021, reiterating his belief that the requested amount of attorneys' fees and costs is reasonable. (ECF No. 34).

This matter is now ripe for consideration.

### I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

####      a.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. John Howie, $395.00 per hour for work performed in 2019, $420.00 per hour for work performed in 2020, and $441.00 per hour for work performed in 2021; and for Mr. Michael Gross, $182.00 per hour for work performed in 2019. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed and most appear reasonable in the undersigned's experience. However, both counsel and a firm paralegal have billed for review of routine court filings, leading to excessive time being billed for their review. Upon review, a reasonable reduction for this issue is $500.00. Petitioner is therefore awarded final attorneys' fees of $32,811.60.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $864.88 in attorneys' costs, comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. Ex. 3. Petitioner has provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

### II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $33,311.60 |
| (Reduction to Fees) | - ($500.00) |
| **Total Attorneys' Fees Awarded** | **$32,811.60** |

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

|  |  |
|---|---|
| Attorneys' Costs Requested | $864.88 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$864.88** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$33,676.48** |

**Accordingly, the undersigned awards a lump sum in the amount of $33,676.48, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. John Howie, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.